IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT O. BIRDWELL,                )
                                   )
                    Plaintiff,     )        Case No. 05-1956-KI
                                   )
        vs.                        )        OPINION AND ORDER
                                   )
CHRISTOPHER A. LARSEN, ROBIN L.    )
D'AGATI, DALE R. KOCH, STATE OF    )
OREGON, CITY OF PORTLAND,          )
MULTNOMAH COUNTY, OREGON,          )
                                   )
                    Defendant.     )


        Robert O. Birdwell
        813 N. E. 133rd Street
        Vancouver, Washington  98685

              Pro Se Plaintiff

        J. Scott Moede
        Deputy City Attorney
        Office of City Attorney
        1221 S. W. Fourth Avenue, Room 430
        Portland, Oregon  97204


Page 1 - OPINION AND ORDER

Linda Wicks
State of Oregon
1162 Court Street N. E.
Salem, Oregon 97301-4096

Attorneys for Defendants

KING, Judge:

Plaintiff Robert O. Birdwell alleges defendants State of Oregon, Multnomah County, and the City of Portland ("City"), as well as several individual defendants, are liable to him under several causes of action arising out of his traffic citation for executing an illegal U-turn. Before me is Defendant City's Rule 12 Motions (#3). For the reasons stated below, I grant the motion and dismiss Birdwell's complaint against the City of Portland.

## FACTS

A police officer with the Portland Police Bureau ticketed Birdwell for executing an illegal U-turn on April 22, 2004. Birdwell entered a plea of not guilty, filing an eleven-page brief arguing that the statute prohibiting U-turns at a signalized intersection unless otherwise posted, ORS 811.365, is unconstitutional. Birdwell received notice of a court proceeding scheduled for September 15, 2004. Birdwell attended that hearing where he cross-examined the police officer. The hearing was set over until September 21, 2004. Birdwell suffered a heart attack on September 20, and his wife informed the court of this on the morning of September 21. On September 21, 2004, a judgment was entered against Birdwell in the Circuit Court of the State of Oregon for Multnomah County. Birdwell filed a Motion to Vacate the Judgment in October of 2004. Birdwell received an explanatory statement from the court entitled Filing a Motion for Relief from Failure to Appear Judgment on a Traffic Citation.

Page 2 - OPINION AND ORDER

On November 4, 2004, Christopher A. Larsen, Multnomah County Circuit Court Judge Pro Tem, who was presiding over the case, denied Birdwell's Motion to Vacate the Judgment. He explained in his letter ruling that at the proceeding on September 15, 2004, after hearing argument and testimony, he took the case under advisement to consider Birdwell's constitutional challenges. He informed the parties at that time that he would make his ruling orally from the bench at a Further Proceedings Hearing scheduled for September 21, 2004. At the September 21, 2004, the officer appeared and Birdwell did not. No additional testimony or evidence was presented. Judge Larsen denied Birdwell's constitutional challenges, and entered a finding of guilt based on the evidence presented at the September 15 hearing. Judge Larsen reiterated in his letter that Birdwell was not convicted because of his failure to appear on September 21. Birdwell states that he intended to continue cross-examining the officer, and intended to offer argument on his constitutional theories at the hearing on September 21.

Birdwell alleges that his due process rights have been violated, and brings suit against the State of Oregon, Multnomah County, the City of Portland, Judge Larsen, his clerk Robin D'Agati, and Chief Judge Dale Koch. Birdwell complains generally that in Oregon, unlike all the surrounding states, it is illegal to make a U-turn at a signalized intersection unless otherwise posted. Birdwell lives in Washington State and was unaware of Oregon's law until he was ticketed. Birdwell challenges the lack of notice associated with the law, as well as the process he underwent prior to his conviction. Specifically, he alleges he was deprived of a jury trial or bench trial, alleges that Judge Larsen improperly went off the record to encourage negotiations between police officers and the people who had allegedly committed traffic violations, that the police officers improperly served both as witnesses and as lawyers for the state, that the judge's

clerk failed to provide Birdwell's memo to the judge prior to the hearing, and that a judgment for failure to appear was improperly entered against him and then improperly changed in a *post hoc* fashion by the presiding judge.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction.  The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims.  <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994).  A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient.  <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Gibson v. United States</u>, 781 F.2d 1334, 1337 (9th Cir. l986), <u>cert. denied</u>, 479 U.S. 1054 (1987).  The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party.  <u>Cassettari v. Nevada County, Cal.</u>, 824 F.2d 735, 737 (9th Cir. 1987).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend.  <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987).  However, the court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th Cir. 1980).

## DISCUSSION

Birdwell alleges only one cause of action against the City of Portland. The claim states, in relevant part:

### i.

The City of Portland . . . [is] liable to plaintiffs herein due to the fact that its officers and agents, who operate, manage, direct, and control the operations of these legal entities, have been informed, are aware, or should be aware, that they are being operated as a racketeering enterprise through a pattern of racketeering activity in violation of Title 18 U.S.C. § 1962(c)(d). As such, they are deemed to know and have the duty to eradicate the scourge of racketeering from our society yet seem unwilling or unable to act. That deliberate failure to act to ensure the laws are faithfully executed and to ensure that justice is more than a sentiment embossed on some stale parchment, is precisely why the racketeering statutes were enacted. To empower private citizens who were injured, by organized criminals, to eradicate them through the courts.

### ii.

The city . . . has failed. Under the law, you are the master of the servants you employ. What the servant does, the master does. The master is liable for the wrongful and injurious actions of the servant. That's the principle behind *Respondeat Superior*. Plaintiff's [sic] herein have been injured by your servants. You are liable.

Complaint, Ninth Cause of Action, at 79-80.

Four additional paragraphs shed some light on Birdwell's cause of action against the City. In paragraph 7, Birdwell alleges that the City is a municipal corporation of the State of Oregon that is "being operated by the defendants . . . as a racketeer influenced and corrupt organization, through a pattern of racketeering activity . . . ." Complaint, at 6. In paragraph 21, Birdwell alleges that the police officer who issued him the traffic citation "knew, or should have known, that ORS 811.365 is wholly opposite and dangerously contrary to the laws of all adjoining states . . . ." Complaint, at 17. In paragraph 22, Birdwell alleges the following:

Page 5 - OPINION AND ORDER

The armed officer, brandishing a semi-automatic weapon holstered to his hip, using the clear and obvious threat of available deadly force, and knowingly and willfully absent any prior notice that plaintiff's action was in violation of any statute, unlawfully seized plaintiff and issued plaintiff herein a citation which commanded plaintiff to appear in the Circuit Court of Oregon for Multnomah County to answer and to pay over plaintiff's property in the form of a fine of $237.00, under pain of arrest or some further injury to plaintiff's business and property if plaintiff failed to answer or pay the fine, in violation of the Fourteenth Amendment guarantee of due process of law, whereas the armed officer knew, or should have known, that the common law duty of the state to provide lawful notice of dangerous conditions the state itself created, and is fully aware, is a prerequisite, and an indispensable element, to due process of law.

Complaint, at 19.  Finally, in paragraph 34, Birdwell complains the police officers acted as agents of the state as well as prosecutors and witnesses or accusers.  In particular, he is most concerned about police officers "brandishing" semi-automatic weapons, which Birdwell defines in a footnote to mean openly displaying the weapons for the purpose of intimidating, while negotiating plea deals.  The police officer who cited Birdwell for violating the law is not a named defendant in this action.

The City asserts that the claim under 18 U.S.C. § 1962 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fails to state a claim.  If Birdwell seeks relief under 42 U.S.C. § 1983, according to the City, he fails to state claim pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).  In addition, the City argues that the claim should be dismissed under the Rooker-Feldman doctrine to the extent Birdwell is seeking review of a state court judgment in federal court.  Finally, the City contends that issue and claim preclusion bar the claim against the City.  Despite the fact that Birdwell's response to the City's motion is untimely, I will accept it.

I.    RICO Claim

Section 1962(c) of RICO prohibits "any person . . . associated with any enterprise engaged in . . . interstate commerce, to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). Section 1962(d) of RICO prohibits conspiring to violate the prohibitions of RICO. "Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code, or several specific offenses chargeable under state law and punishable by imprisonment for more than one year. 18 U.S.C. § 1961. The predicate offenses range from bribery to extortion to any offense involving fraud in the sale of securities.

Setting aside the question of whether a municipal corporation comes under the statutory definition of "person" for RICO liability, a "person" is liable under RICO only if it manifests the specific intent associated with the underlying offense, if specific intent is required for the offense. Citing Lancaster Community Hospital v. Antelope Valley Hospital Dist., 940 F.2d 397, 404 (9th Cir. 1991), the City urges that because it is incapable of forming malicious intent, it cannot be liable under RICO. The predicate act, or "racketeering activity," in Lancaster was mail fraud, a crime that requires specific intent to deceive. The Ninth Circuit held that the municipality, formed of taxpayers, "was not even aware of any dishonest activities, and plainly lacked the specific intent to deceive which is an element of mail fraud." Lancaster, 940 F.2d at 404.

As the City points out, Birdwell does not allege any predicate offenses. As a result, I am unable to confirm that specific intent is necessary for the underlying offense. Accordingly, I do not decide the motion to dismiss on this basis.

Alternatively, the City argues that plaintiff has failed to plead and is unable to plead any racketeering activity in which the City engaged. I agree. Indeed, even if Birdwell amended his complaint to allege a predicate offense, he could allege no set of facts in support of his claim which would entitle him to relief. The police officer cited plaintiff for violating a state law prohibiting unlawful U-turns. Plaintiff does not dispute that he made the U-turn. Plaintiff was deemed guilty of violating the state law, after a hearing in court. See ORS 153.076 (1) ("Violation proceedings shall be tried to the court sitting without a jury"). The fact that plea negotiations are encouraged does not constitute behavior that qualifies as racketeering activity. Viewing the allegations in the light most favorable to Birdwell, he makes no allegations, nor could he, that the City engaged in any illegal activity constituting any of the acts listed in 18 U.S.C. § 1961.

Finally, to the extent Birdwell is attempting to hold the City liable on a theory of *respondeat superior* his claim must fail. Lancaster, 940 F.2d at 404 (plaintiff "cannot impose liability on the 'body politic' by appeals to the doctrine of *respondeat superior* or to principles of agency. For public policy is offended if all the citizens of a state are made liable for extraordinary damages as a result of the actions of a few dishonest officials").

Therefore, Birdwell's RICO claim against the City is dismissed.

II.      The *Rooker-Feldman* Doctrine versus Issue and Claim Preclusion

The City asserts that the *Rooker-Feldman* doctrine, depriving federal courts of subject matter jurisdiction where a party seeks reversal of a state court judgment, applies here. While the *Rooker-Feldman* doctrine may apply to other parties in this case, it does not apply to bar Birdwell's challenge to the City of Portland's actions. As explained by the Ninth Circuit,

Page 8 - OPINION AND ORDER

> It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.
>
> . . .
>
> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.  If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.

Noel v. Hall, 341 F.3d 1148, 1163, 1164 (9th Cir. 2003).  In other words, where the federal plaintiff is "complaining of legal injury caused by a state court judgment because of a legal error committed by the state court," *Rooker-Feldman* bars subject matter jurisdiction in federal district court.  Id. at 1164.  That is not the case with respect to the claims against the City.

Birdwell alleges that the Portland police officer "knew, or should have known, that ORS 811.365 is wholly opposite and dangerously contrary to the laws of all adjoining states," that he was seized by the officer, and that the officer acted improperly in negotiating plea deals.  These are allegations made against the City as an adverse party in the state action and do not involve a claim of legal error committed by the state court.  Birdwell's complaint against the City, with respect to these allegations, is not a forbidden appeal under *Rooker-Feldman*.

However, as the City points out, Birdwell may be barred by issue or claim preclusion from challenging the City's actions.  "Federal courts must give state court judgments the same preclusive effect as they would be given by the courts of that state."  Dodd v. Hood River County, 136 F.3d 1219, 1225 (9th Cir. 1998).

Oregon law governs.  Issue preclusion applies if the issue in the two proceedings is identical, the issue was actually litigated and was essential to a final decision on the merits, the

Page 9 - OPINION AND ORDER

party sought to be precluded had a full and fair opportunity to be heard on the issue, the party

sought to be precluded was a party in the prior proceeding, and the prior proceeding was the type

of proceeding this Court will give preclusive effect.  Nelson v. Emerald Peoples' Utility Dist.,

318 Or. 99, 103 (1993); see also ORS 43.130(2).

Issue preclusion applies to Birdwell's allegation that the police officer should have

known that ORS 811.365 is unconstitutional.  The state court determined that ORS 811.365 is

constitutional, the issue was actually litigated, Birdwell was a party to the action in state court,

and the prior proceeding is one that this Court will give preclusive effect.  As for whether

Birdwell had a fair opportunity to be heard on the matter, this factor requires that the "parties had

both a full opportunity and the incentive to contest the point at issue on a record that was also

subject to judicial review."  Chavez v. Boise Cascade Corp., 307 Or. 632, 635, 772 P.2d 409

(1989).  Birdwell submitted an eleven page brief to the state court challenging the

constitutionality of the statute, his complaint describes his appearance in court before the judge,

at which time he cross-examined the police officer, and the judge issued a written letter ruling

relaying his denial of Birdwell's constitutional challenges.  Birdwell had both the opportunity

and incentive to raise the issue, and there is a record that could have been subject to judicial

review had Birdwell appealed his judgment to the Oregon Court of Appeals.  As a result,

Birdwell may not relitigate the constitutionality of the statute he was convicted of violating.

III.    Section 1983 Claim

Birdwell's remaining allegations against the City involve the police officer's alleged

seizure of him, and the police officer acting in the dual role of both prosecutor and witness.

Although he does not specifically allege as much, Birdwell may be relying on 42 U.S.C. § 1983

as a basis for relief against the City because his allegations imply that the Portland police officer violated his Fourteenth Amendment and Fourth Amendment rights.  Accordingly, broadly construing Birdwell's allegations, I will assume he seeks relief under Section 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988). A municipality cannot be liable under a *respondeat superior* theory for the acts of its employees under Section 1983.  See Monell v. Department of Social Services of New York, 436 U.S. 658, 690 (1978).  Municipalities and other local governing bodies may be liable under any of three theories:  (1) if an employee was acting pursuant to an expressly adopted official policy; (2) if an employee was acting pursuant to a longstanding practice or custom; or (3) if an employee was acting as a final policymaker.  Lytle v. Carl, 382 F.3d 978, 982 (9th Cir. 2004).

First, Birdwell's own allegations summarizing his encounter with the police officer do not describe any violations of his constitutional rights.  The police officer simply ticketed Birdwell for violating a state law.  Birdwell depicts the encounter in detail, describing how the officer showed Birdwell the statute he had violated, then issued him the citation saying that any challenge to the statute would have to be made in court.  See Complaint, ¶ 16 at 14.  Indeed, Birdwell describes the encounter as a "polite exchange."  Id.  Birdwell does not describe any seizure beyond what is constitutionally permissible to issue a traffic citation.  Whren v. United States, 517 U.S. 806, 809 (1996); see also ORS 810.410(3)(b) (police officer "[m]ay stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation.").

Page 11 - OPINION AND ORDER

The only other event that can be read from the complaint as being the basis for Birdwell's challenge against the City is the police officer's dual role as prosecutor and witness in the traffic hearing, and specifically in settlement negotiations.  However, state law undercuts his challenge. The police officer is permitted by state law to "present evidence, examine and cross-examine witnesses and make arguments" about the meaning of the applicable statutes, how they apply to the facts, and to make arguments regarding the admissibility of evidence, and the procedures to be used at trial.  ORS 153.083.  Plea bargaining naturally flows from this statutory authority, and is certainly not contrary to it.  Furthermore, there is nothing inherently unconstitutional in offering a plea bargain.  "Incentives for plea bargaining are not unconstitutional merely because they are intended to encourage a defendant to forego constitutionally protected conduct."  United States v. Villasenor-Cesar, 114 F.3d 970, 975 (9th Cir. 1997).  Finally, pursuant to state law, the court oversees and applies any reduction in the fine arising from the plea bargain.  ORS 153.090. Accordingly, because there is no indication of any policy or custom of the City's that caused any alleged constitutional violation, I dismiss any claim against the City that may be based on Section 1983.[1]

IV.    Summary

I find that Birdwell has failed to state any claims for relief against the City.  The defects cannot be cured by amendment.

---

[1]I do not reach the City's alternative argument that the complaint should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) (plaintiff cannot recover damages under Section 1983 when sentence or conviction not first reversed or declared invalid).

Page 12 - OPINION AND ORDER

## MOTION FOR SANCTIONS

Birdwell moves for sanctions against the City's counsel pursuant to Federal Rule of Civil Procedure 11. According to Birdwell, the City's "sole purpose of the motions . . . has been to deny the truth; to evade, thwart, and obstruct justice, and to interfere with this court's function of administering justice under the laws of the United States, . . . amounting to nothing more, or less, than FRAUD AND TRICKERY." Plaintiff's Response to Defendant City of Portland's Rule 12 Motion to Dismiss, at 2 (emphasis in original).

I note that Birdwell has violated the local rules by failing to confer before filing the motion for sanctions, and by combining his motion with his reply to the City's motion to dismiss. L.R. 7.1(a), 7.1(c). In addition, Birdwell has failed to comply with the "safe harbor" provision of Federal Rule of Civil Procedure 11(c)(1)(A), which requires that the movant serve the motion on the purported violator at least twenty-one days prior to filing it with the court. Finally, there is no basis for granting the motion. The City's attorney has not acted for "any improper purpose," the defenses are "warranted by existing law," and the City has not made any factual misrepresentations. Fed. R. Civ. P. 11(b). Therefore, I deny Birdwell's motion for sanctions.

## CONCLUSION

Defendant City of Portland's Motion to Dismiss (#3) is granted, and Birdwell's motion for sanctions (#12) is denied.

IT IS SO ORDERED.

Dated this _____28th_____ day of February, 2006.

_____/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 13 - OPINION AND ORDER